UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:22-cr-352-VMC-SPF

ZEESHAN HAYAT

**UNITED STATES' AMENDED[1] MOTION
FOR AN ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America moves for an $3,187,164 order of forfeiture against the defendant, representing the amount of proceeds he personally obtained as the result the offenses charged in Counts One through Three of the Information.

In accordance with Rule 32.2(b)(4) and the defendant's plea agreement (Doc. 59 at 11), the United States asks that the order of forfeiture be made final as to the defendant at the time it is entered.

In support, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

I.  **Statement of Facts**

  A.  **Allegations Against the Defendant**

  1.  On or about October 11, 2022, the United States filed an Information

---

[1] The Unite States is filing this amended motion because the parties have come to an agreement on the proceeds personally obtained by the defendant.

charging the defendant with conspiracy to defraud the United States and offer, pay, solicit, and receive kickbacks, in violation of 18 U.S.C. § 371 (Count One), and soliciting and receiving renumeration, in violation of 42 U.S.C. § 1320a-7b(b)(1)(B) (Counts Two and Three). Doc. 56.

2. The forfeiture allegations notified the defendant that, under 18 U.S.C. § 982(a)(7), the United States intended to forfeit any property constituting, or derived from proceeds the defendant obtained, directly or indirectly, as a result of such violations, including, but not limited to, an order of forfeiture in the amount obtained as a result of the offenses. *Id.* at 10.

### B.  Findings of Guilt and Admissions of Fact

3. On October 17, 2022, the defendant pleaded guilty to Counts One through Three of the Information pursuant to a written plea agreement and United States Magistrate Judge Sean P. Flynn recommended that his plea be accepted. Docs. 63, 68. On October 18, 2022, United States District Judge Virginia M. Hernandez Covington accepted his plea and adjudicated him guilty. Doc. 69. The defendant's sentencing is currently scheduled for November 14, 2023. *Id.*

### C.  Admissions Related to Forfeiture

4. In his plea agreement, the defendant admitted and agreed that pursuant to 18 U.S.C. § 982(a)(7), the United States was entitled to the proceeds the defendant personally obtained as a result of the offenses charged in Counts One through Three. Doc. 59 at 10. Moreover, the defendant agreed that the United States is entitled to

forfeit any of the defendant's property as substitute assets to satisfy the Order of Forfeiture and that the order of forfeiture would be final upon entry. The defendant also agreed that since the criminal proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence, the preliminary and final orders of forfeiture should authorize the United States Attorney's Office to conduct discovery (including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets. *Id.* at 10-11.

## II.  Applicable Law

### A.  Forfeiture Statute

In sentencing a person convicted of a conspiracy to defraud the United States and offer, pay, solicit, and receive kickbacks(in violation of 18 U.S.C. § 371) (Count One), and soliciting and receiving renumeration (in violation of 42 U.S.C. § 1320a-7b(b)(1)(B)), as charged in Counts Two and Three, the Court's authority to enter an order of forfeiture against a defendant is found in 18 U.S.C. § 982(a)(7) and Federal Rule of Criminal Procedure 32.2. The United States may criminally forfeit, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of a health care fraud offenses.

### B. Court's Determination of Forfeiture

Rule 32.2, Federal Rules of Criminal Procedure, governs the criminal forfeiture of property based on a defendant's conviction for the offense giving rise to the forfeiture. Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted, the Court must determine what property is subject to forfeiture under the applicable statute. Fed. R. Crim. P. 32.2(b)(1)(A). The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

Because the United States could not locate any of the specific property traceable to the defendant's conspiracy offense, the United States seeks an $3,187,164 order of forfeiture against the defendant representing the amount of proceeds he personally obtained as the result the offenses, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2). If the Court finds that the defendant obtained $3,187,164 in proceeds as a result of his participation in the offenses and that the defendant has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III. Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 982(a)(7), and Rule 32.2(b)(2), Federal Rules of Criminal

Procedure, enter an Order of Forfeiture against the defendant in the amount of $3,187,164. The United States shall not collect more than $3,187,164, in total, from the defendant and his wife who was charged separately for the same offenses in *United States v. Salma Karina Hayat*, Case No. 8:22-cr-351-CEH-TGW.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Finally, the United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

The United States requests that the Court retain jurisdiction to address any third-party interest that may be asserted and to complete the forfeiture and disposition of the property.

          Respectfully Submitted,

          ROGER B, HANDBERG
          United States Attorney

By:    *s/James A. Muench*
      JAMES A. MUENCH
      Assistant United States Attorney
      Florida Bar Number 472867
      400 North Tampa Street, Suite 3200
      Tampa, Florida 33602
      (813) 274-6000 – telephone
      E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

          *s/James A. Muench*
          JAMES A. MUENCH
          Assistant United States Attorney